IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Case No. 05-cv-00881-MSK-CBS

WALTER M. BOND, and
HIGHLANDS RANCH CENTER FOR AESTHETIC & MAXILLOFACIAL SURGERY, P.C.,
a Colorado corporation,

    Plaintiffs,

v.

PRINCIPAL LIFE INSURANCE COMPANY, d/b/a Principal Financial Group,
ANKMOOR DOOR, INC.,
EMPLOYEE BENEFIT PLAN,
LITTLETON ADVENTIST HOSPITAL, a/k/a Centura Health Adventist Hospitals,
PORTER ADVENTIST HOSPITAL, a/k/a Centura Health Adventist Hospitals,
BC SERVICES, INC., as assignee for collection for Littleton Adventist Hospital and Porter Adventist Hospital,
UNIPATH, LLC, a Colorado limited liability company,
PROFESSIONAL AFFILIATES CO., INC., a Colorado corporation, as assignee for collection for Unipath, LLC,
SOUTH DENVER ANESTHESIOLOGISTS, and
PROFESSIONAL FINANCE COMPANY, INC., a Colorado corporation, as assignee for collection for South Denver Anesthesiologists,

    Defendants.

## ORDER SETTING HEARING UNDER FED.R.CIV.P. 16

    THIS MATTER comes before the Court upon a Complaint filed by the Plaintiffs seeking to recover benefits under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132. In light thereof, a hearing pursuant to Fed. R. Civ. P. 16(b) and D.C.COLO.LCivR 16.1 is necessary.

    **IT IS ORDERED**:

(1) A hearing is set for **August 18, 2005 at 8:00 a.m.** in Courtroom A901 of the United States Courthouse located at 901 19th Street, Denver, Colorado.

(2) On or before **August 8, 2005**, and in conformance with Fed. R. Civ. P. 26(f), D.C.COLO.LCivR 16.1, 16.2 and 26.1, and this Order, the parties shall prepare and submit a proposed scheduling order. The proposed scheduling order shall be in the form specified by D.C.COLO.LCivR Appendix F **except** that:

(a) It shall not contain a signature line for a judicial officer.
(b) It shall address the following:

Standard of Review:
- Do the plan documents confer discretion upon the plan administrator to interpret the plan?
- Is this Court's review of the plan administrator's decision *de novo* or under an arbitrary and capricious standard?

Administrative Record:
- What documents comprise the administrative record?
- How much time do the parties need to compile and submit the administrative record?

Discovery:
- Does the claimant contend that the plan administrator had a conflict of interest in administering the plan? If so, are there facts in dispute concerning this issue?
- Is there a need for discovery?

Parties:
- What claim or claims are asserted by which Plaintiff or Plaintiffs against which Defendant or Defendants?

(c) It shall not address the matters set forth in Section 7 (Case Plan and Schedule), Section 9 (Other Scheduling Issues) or Section 10 (Dates for Further Conferences) of Appendix F.

(3) No later than **July 28, 2005**, the parties shall meet and confer regarding the contents of the proposed scheduling order pursuant to Fed. R. Civ. P. 26(f).

(4) No later than **August 8, 2005**, the parties shall stipulate to and file all pertinent ERISA plan documents including summary plan descriptions. At the conference, the parties shall be prepared to address all applicable provisions in the plan

    documents.

(5)    At the scheduling conference, the parties shall be prepared to address the issues covered by the proposed scheduling order and any other issues enumerated in Fed. R. Civ. P. 16(c).

(6)    No later than **July 1, 2005**, the Plaintiff shall serve a copy of this Order on any Defendants who have not yet been served with the Complaint, and file a certificate of service with the Court no later than **July 8, 2005.**

Dated this 17th day of June, 2005.

                              **BY THE COURT:**

                              */s/ Marcia S. Krieger*

                              Marcia S. Krieger
                              United States District Judge